UNITED STATES DISTRICT COURT                    O
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARIA RAMOS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:13-CV-57 |
| | § | |
| ALLSTATE TEXAS LLOYDS, *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court is a motion to remand filed by Maria Ramos ("Plaintiff").[1] Allstate Texas Lloyds and Trevor Linhart ("Linhart") (collectively, "Defendants") filed a response.[2] After considering the motion, response, record and relevant authorities, the Court **GRANTS** the motion to remand.

I.      **Background**

Plaintiff alleges that her property was damaged by a severe wind and hail storm on March 29, 2012.[3]  Apparently dissatisfied with the handing of her insurance claim, Plaintiff sued Allstate Texas Lloyds, Anthony Leifel,[4] and Trevor Linhart.[5]  In the state court petition, Plaintiff included the following theories of liability: breach of contract; Texas Deceptive Trade Practices—Consumer  Protection Act ("DTPA"); violations of Chapters 541 and 542 of the Texas Insurance Code; breach of the duty of good faith and fair dealing; fraud; conspiracy; aiding and abetting; negligence; gross negligence; and negligent misrepresentation.[6]

---

[1] Dkt. No. 5.
[2] Dkt. No. 8.
[3] Dkt. No. 1-4 at p. 3.
[4] It is undisputed that Anthony Leifel is a citizen of Illinois.  He did not respond to the motion to remand.
[5] Dkt. No. 1-4.
[6] Dkt. No. 1-4 at pp. 8-18.

On February 7, 2013, Defendants removed this case asserting that this court has jurisdiction on the basis of 28 U.S.C. § 1332.[7]   Specifically, Defendants asserted that the citizenship of Trevor Linhart, the non-diverse defendant, should be disregarded because he was "fraudulently joined."[8]   Furthermore, Defendants asserted that the amount in controversy exceeded $75,000.00.[9]   Plaintiff moved for remand asserting that the parties are not completely diverse because Trevor Linhart, the non-diverse defendant, was properly joined as a defendant, and Defendants responded.

## II.   Analysis

The Court does not have subject matter jurisdiction under 28 U.S.C. § 1332 unless the parties are completely diverse and the amount in controversy exceeds $75,000.  It is undisputed that the amount in controversy requirement is satisfied in this case.  Thus, Defendants must prevail on the improper joinder issue in order to avoid remand.

The Court notes that "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[10]   Here, the issue of improper joinder is before the Court. The Fifth Circuit has stated that "[t]he doctrine of improper joinder is a narrow exception to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a heavy one."[11]   "[T]he Court must resolve all ambiguities of state law in favor of the non-removing party."[12]

When the Court is considering whether a party was improperly joined, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to

---

[7] Dkt. No. 1.

[8] Dkt. No. 1 at ¶¶ 10-12.

[9] Dkt. No. 1 at ¶¶ 13-15.

[10] Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted).

[11] Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007) (internal quotation marks and citations omitted).

[12] Id. (internal quotation marks and citation omitted).

determine whether the complaint states a claim under state law against the in-state defendant."[13] The Court "determin[es] removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal."[14]   The Court notes that a 12(b)(6)-*type* analysis is distinguishable from a pure 12(b)(6) analysis; in the improper joinder context, the Court evaluates the petition under the state court pleading standards.[15]   The Supreme Court of Texas has stated:

> In determining whether a cause of action was pled, plaintiff's pleadings must be adequate for the court to be able, from an examination of the plaintiff's pleadings alone, to ascertain with reasonable certainty and without resorting to information aliunde the elements of plaintiff's cause of action and the relief sought with sufficient information upon which to base a judgment.[16]

In other words, the pleading must state a cause of action and give fair notice of the relief sought.[17]

Although the Court *is permitted* to pierce the pleadings in certain improper joinder analyses,[18] it *is not required* to do so.   The Court should do so "only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[19]   A review of Plaintiff's motion to remand and Defendants' response does not convince the Court that is should pierce the pleadings here.   This means the Court will not look beyond the state court petition.

---

[13] Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citations omitted).

[14] Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995).

[15] For Judge Rosenthal's thorough explanation of why the Court uses the state court pleading standards in the improper joinder context, *see* Edwea, Inc. v. Allstate Ins. Co., Civ. No. H-10-2970, 2010 WL 5099607 (S.D. Tex. Dec. 8, 2010).

[16] Stoner v. Thompson, 578 S.W.2d 679, 683 (Tex. 1979) (citation omitted).

[17] *Id.*, Tex. R. Civ. P. 45 & 47.

[18] *Smallwood*, 385 F.3d at 573.

[19] *Id.* at 573-574.

The Court will now consider whether the state court petition states a claim against Linhart, the non-diverse defendant.  Turning to the state court petition, it includes the following allegations by Plaintiff:

"Plaintiff owned the insured property. . . ."[20]

"On or about March 29, 2012, a severe wind and hailstorm struck Hidalgo County, Texas causing severe damage to homes and businesses throughout the area, including Plaintiff's Property."[21]

"Defendants, Leifel and Linhart, were the agents for Allstate and represented Allstate in regard to Plaintiff's claim.  Leifel and Linhart also adjusted the Plaintiff's claim by investigating, processing, evaluating, approving, and/or denying, in whole or in part, Plaintiff's claim.  As such, Leifel and Linhart, each acted as an insurance adjuster engaged in the business of insurance with respect to the Plaintiff's insurance claim.  Therefore, Leifel and Linhart are each a 'person' who is individually liable for its unfair methods of competition or unfair or deceptive acts or practices under the Texas Insurance Code and the DTPA.  Furthermore, Leifel and Linhart acted as the agents and representatives for Allstate in this claim."[22]

"Defendants, Leifel and Linhart, improperly adjusted the Plaintiff's claim.  Defendants Leifel and Linhart each conducted a substandard inspection, which is evidenced in their reports, which failed to include may of Plaintiff's damages.  Their estimates did not allow adequate funds to cover repairs to restore Plaintiff's home.  Without limitation, Leifel and Linhart misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy.  Leifel and Linhart made these and other misrepresentations to Plaintiff as well as to Allstate.  Plaintiff and Allstate both relied on Leifel's and Linhart's misrepresentations, including but not limited [to] those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a result of such reliance.  Leifel's and Linhart's misrepresentations caused Allstate to underpay Plaintiff on its insurance claim and, as such, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's property."[23]

"Defendants, Allstate, Leifel and Linhart, failed to properly adjust the claims and Defendants have denied at least a portion of the claims without an adequate

---

[20] Dkt. No. 1-4 at p. 3.
[21] Dkt. No. 1-4 at p. 3.
[22] Dkt. No. 1-3 at p. 3.
[23] Dkt. No. 1-3 at pp. 3-4 (internal citations omitted).

investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff . . . ."[24]

"Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence . . . ."[25]

"Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' (sic) losses to the Property."[26]

"Defendants are guilty of the following unfair insurance practices: . . . C. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue; . . . ."[27]

The petition also alleges that Linhart violated Section 541.060 of the Texas Insurance Code.[28]

Section 541.060 states in part:

(a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary: . . . (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue; . . . (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim; . . . .[29]

The Court will now consider Defendants' arguments that the petition does not state a claim against Linhart.

Defendants urge the Court to apply the *federal court* pleading standard and criticize Plaintiff for "fail[ing] to cite any authority in support of her Motion to Remand applying the heightened pleading requirements established by the United States Supreme Court opinion in *Bell Atlantic v. Twombly*."[30]   Here, it is obvious why Plaintiff did not mention the federal court

---

[24] Dkt. No. 1-4 at p. 5.
[25] Dkt. No. 1-4 at p. 5.
[26] Dkt. No. 1-4 at p. 6.
[27] Dkt. No. 1-4 at p. 11.
[28] Dkt. No. 1-4 at pp. 5-6, 11-12.
[29] Tex. Ins. Code Ann. § 541.060 (West Supp. 2012).
[30] Dkt. No. 8 at ¶ 4.4, 4.10.

pleading standard or cite the cases which explain it.  Quite simply, the federal court pleading standard is wholly inapplicable in this context.  As explained above, the more lenient state court pleading standard applies in an improper joinder analysis.

Defendants also argue that the estimate prepared by Linhart (which Plaintiff attached to her petition) forms the exclusive basis for Plaintiff's misrepresentation claim against Linhart.[31] Furthermore, Defendants aver that the estimate:

> "contains no representations to insurance coverage afforded under the policy or whether her claim was covered or not covered.  In short, the estimate does not discuss any policy provisions or otherwise make any statements about coverage."[32]

The Court rejects this interpretation of the petition and the estimate.  While it is clear that the estimate is a basis for Plaintiff's claims against Linhart, it is also clear that the estimate is not the exclusive basis for those claims.   Furthermore, even if the estimate does not explicitly address policy provisions and coverage, it does address those issues implicitly based on what damages were included in the estimate and what damages were omitted from it.

Additionally, Defendants argue that "Plaintiff fails to offer any *actionable* facts in support of her claims against Linhart and therefore fails to make the required [f]actual fit between [her] allegations and the pleaded theory of recovery."[33]  Defendants also cite *Griggs v. State Farm Lloyds*[34] for the proposition that "alleged misrepresentations by the non-diverse insurance adjuster must pertain to 'specific policy terms' in order to be actionable under the Texas Insurance Code[,]" and that Plaintiff has failed to allege that Linhart misrepresented a specific policy term.[35]

---

[31] Dkt. No. 8 at ¶ 4.7.
[32] Dkt. No. 8 at ¶ 4.7.
[33] Dkt. No. 8 at ¶ 4.7 (internal quotation marks and citation omitted).
[34] 181 F.3d 694 (5th Cir. 1999).
[35] Dkt. No. 8 at ¶¶ 4.5-4.6 (citing *Griggs*, 181 F.3d at 701 (5th Cir. 1999)).

*Griggs* is distinguishable because the agent in that case did not adjust the plaintiff's claim. Furthermore, *Griggs* simply does not stand for the proposition that a plaintiff is required to identify the specific content of the alleged misrepresentation and the specific policy term it violated in order to state an insurance code claim against an insurance adjuster in state court. Once again, the relevant analysis in this case is whether the plaintiff has stated a claim under the *state court pleading standard*.

Here, Plaintiff's petition states a claim against Linhart. The petition specifically alleges that Linhart acted as insurance adjuster engaged in the business of insurance with respect to Plaintiff's claim and is a "person" who is individually liable under the insurance code.[36] That is sufficient to allege that Linhart is a "person" subject to the insurance code.[37] Additionally, Plaintiff claims that "Defendants failed to conduct a reasonable investigation" and "have denied at least a portion of the claims without an adequate investigation[.]" Also, Plaintiff alleges that "Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence . . . ." These are sufficient factual allegations that Linhart violated portions of § 541.060 of the Texas Insurance Code. Finally, Plaintiff claims that Linhart caused her to suffer damages.[38] Thus, the Court finds that the petition states a cause of action against Linhart and gives Linhart fair notice of the relief sought. That is sufficient to state a claim against Linhart under the state court pleading standards. Ultimately, the Court finds that Defendants have not met their burden of demonstrating that Linhart, the non-diverse defendant, is improperly joined.

---

[36] Dkt. No. 1-4 at p. 3.
[37] *See* Tex. Ins. Code Ann. § 541.002 (West Supp. 2012); *cf.* Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 280 & n.2, 282 (5th Cir. 2007) (citing Liberty Mut. Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d 482, 484-86 (Tex. 1998)).
[38] Dkt. No. 1-4 at pp. 4, 18 & 19.

### III.    Conclusion

After considering the motion, response, record and relevant authorities, the Court finds that Defendants have not met their burden of demonstrating that Linhart is improperly joined. Therefore, the Court **GRANTS** Plaintiff's motion to remand.  This case is **REMANDED** to 430th Judicial District Court of Hidalgo County, Texas.

IT IS SO ORDERED.

DONE this 10th day of April, 2013, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE